## JOHN F. CALLAN AND MICHAEL P. CALLAN, APPELLANTS, v. CHARLES W. STATHAM AND OTHERS.

Where a bill in chancery was filed to set aside a deed as being fraudulent against creditors, and it is charged in the bill that the consideration mentioned in the deed was not paid, it is not satisfactory that the defendant relies upon the answer that it was paid, considering the answer, which is responsive to the bill, as evidence of the payment, when the execution of the deed is surrounded by circumstances of suspicion.

In the present case, the payment of the purchase money was alleged to be a secret transaction between the vendor and vendee, and there were other circumstances attending the deed which surrounded it with suspicion. The evidence of payment must have been in the possession of the defendants, and they ought to have produced it.

The title of the defendant, although encumbered, could have been made clear; the price alleged to have been paid was inadequate; the vendor remained in possession and collected all the rents without accounting to the vendee; the circumstance that the vendor was heavily in debt, and suits pending and maturing to judgment when he made the deed—all these things induce this court not to disturb the decree of the court below, which directed the property to be sold for the satisfaction of creditors.

THIS was an appeal from the Circuit Court of the United States for the District of Columbia.

The facts of the case are stated in the opinion of the court.

It was argued by *Mr. Walter S. Cox* and *Mr. Davis* for the

appellants, and by *Mr. Chilton* and *Mr. Davidge* for the appellees.

The arguments and points of law were very dependent upon the facts of the case, and are therefore omitted.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the District of Columbia.

The suit below was a creditor's bill, filed by Statham and others, the appellees, to set aside a deed made by J. F. Callan and wife to M. P. Callan, on the 16th October, 1854, conveying lot No. 8, in square No. 456, with the improvements, in the city of Washington, and to subject it to the payment of the plaintiffs' judgments.

Judgments to an amount exceeding $3,000 were recorded against J. F. Callan, 5th May, 1855. The deed was recorded 14th April, 1855.

A second bill was filed against the same parties and others, on the 9th August, 1856, by Austin Sherman, a judgment creditor of J. F. Callan, for the purpose of setting aside the same deed, and subjecting the property to the payment of his judgments recovered 2d April, 1855, and exceeding in amount $9,000.

The two suits were consolidated, as the same proofs were equally applicable in respect to the charge of fraud in the execution of the conveyance sought to be set aside. The court below decreed that the deed was fraudulent as against creditors, and directed the property to be sold, and the proceeds brought into court for distribution. The case is here on an appeal from that decree.

At the date of the deed of October, 1854, Callan was heavily in debt—several suits impending over him and maturing to judgments, to which the property in question would have been subject. The conveyance was made to a brother, for the consideration, as stated in the deed, of $4,900. The premises conveyed, according to the estimate of witnesses who were well acquainted with them, were worth at the time exceeding

$15,000, assuming the title to be good, which will be noticed hereafter. The vendor continued to possess and occupy the property after the conveyance the same as before, leasing the buildings and collecting the rents in his own name, and not accounting to the vendee for the same. Indeed, the vendee seems to have taken no part in the management of the property; nor does it appear that he has exercised any act of ownership over it since the purchase, and down to the taking of the proofs in these cases.

In the answer of Callan, the vendor, to the bill of Statham and others, to the charge that the consideration mentioned in the deed was not paid, he simply states that it had been fully paid by his brother, the vendee. The vendee, for his answer, adopts the answer of his co-defendant.

In their answer to the bill of Sherman, they concur in stating that $4,000 of the consideration were paid by the surrender of a note the vendee held against the other party, and $900 in cash, and that the payment was not made in presence of any third person.

No proof was given by the defendants in respect to the payment of the consideration, with a view of sustaining the allegation in the answers. They rely entirely upon the rule of pleading, that the answers are responsible to the bill, and to be taken as true till overthrown by proof on the other side. As they aver the payment was a transaction between themselves, and the principal part a note held by the vendee, which he surrendered, the evidence in respect to which is therefore exclusively within their own knowledge, it would have been more satisfactory if they had given some proof in support of the answers, especially when there were other accompanying circumstances, tending to excite distrust and suspicion as to the bona fides of the deed.

As it respects the defect in the title relied on to reduce the value of the property, it appears that J. F. Callan, in November, 1840, took a lease of this property from one W. Robinson, trustee of Alice Jennings, Alice joining in the lease for the term of her natural life, for the annual rent of $200; and in which lease it is agreed that, upon the death of the said

Alice, the lessee shall have the right to purchase the estate for the price of $3,000; upon the payment of which, Robinson binds himself and his heirs to convey the title. Alice died in May, 1851, and Robinson some years earlier.

It is insisted, on the part of the defendants, that the heirs of Robinson, and also of Alice, refuse to carry into execution this contract, and have refused to accept the $3,000. There is some obscurity upon the evidence, as it respects the precise state of this question at the time of the deed from Callan to his brother, in October, 1854. It is claimed on the part of the judgment creditors that this money had been paid, and that the deed from the heirs was kept back, in fraud of their rights. Perhaps the better opinion is, upon the facts, that the money has not been paid, and that the property is subject to this encumbrance. It is clear, however, that there is no serious embarrassment in the way of clearing the title on payment of the money.

It appears, by some arrangement, not particularly explained, with the heirs, after the death of Alice, Callan agreed to pay the interest on the $3,000, and which has been paid down to the month of July, 1854; and the case shows that, upon the payment of the purchase money, with the interest, from the period last mentioned, the title can be obtained. It would have been remarkable if this right of purchase had not been preserved, as it appears Callan has put on the property improvements to the amount of from $7,000 to $10,000.

The question as to the title is only important as entering into the estimate of the value of the property, and as tending to rebut the undervaluation of the price, as charged in the bill. It is clear, however, admitting the property to be subject to the payment of $3,000, that the price was considerably below its true value.

But, independently of this consideration, there are other facts in the case that may well justify the decree below—the most important, perhaps, the unsatisfactory evidence on the part of the Callans in respect to the payment of the consideration stated in the deed. This proof was vital, in order to uphold a deed in other respects surrounded with suspicion. The

evidence was in their possession; and their admission that the transaction was secret made the proof still more indispensable on their part. The want of it, under the circumstances, is nearly if not quite fatal to the validity of the deed as against creditors.

The continuance of the vendor in the possession and occupation and full enjoyment of the premises, the same after the deed as before, and absence of interest in the subject manifested by the vendee, are circumstances not satisfactorily explained; also, the heavy indebtedness of J. F. Callan, and suits pending and maturing to judgment—all well known to the vendee.

We are satisfied the decree of the court below is right, and should be affirmed.